UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSEFINA GANDOL, and all others similarly situated,

    Plaintiff,

v.

CONSTRUCTION SERVICING CENTER INC. d/b/a SUNUSO ENERGY and GOODLEAP, LLC,

    Defendants.
_____/

CASE NO. _____

**DEFENDANT GOODLEAP, LLC'S
NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant, GOODLEAP, LLC ("GoodLeap"), pursuant to 28 U.S.C. §§ 1441(a), 1446(a), 1331, and the Class Action Fairness Act ("CAFA"), hereby files its notice of removal of that action filed by Plaintiff JOSEFINA GANDOL ("Plaintiff"), in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division. In support thereof, GoodLeap states as follows:

**PROCEDURAL BACKGROUND**

On or about November 14, 2023, Plaintiff filed her complaint (the "Complaint") in that certain action styled *Josefina Gandol v. GoodLeap, LLC, et al.*, Case No. 2023-CA-026467, in the Circuit Court of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida (the "State Court

Action"). GoodLeap was served with Plaintiffs' Complaint on November 28, 2023.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1331

Removal of the State Court Action to the United States District Court for the Southern District of Florida, Miami division is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, because the State Court Action is a civil action founded on a claim or right arising under the laws of the United States. This Court has original jurisdiction over the subject matter of Plaintiff's claims asserted in the State Court Action because federal questions have been alleged therein relating to consumer disclosures. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

Specifically, Plaintiff purports to assert claims against GoodLeap under the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001 and the Truth and Lending Act. In the State Court Action, Plaintiff alleges "[a]t the time of the transaction, the Defendants failed to give the necessary disclosures as required under The E-Sign Act (see 15 U.S.C. § 7001(c)(1)(a)) and the Truth and Lending Act (TILA)." See Compl., at ¶ 56. Moreover, Plaintiff asserts that "GOODLEAP was the initial creditor in the transaction and violated the TILA." *See* Compl., at ¶¶ 74; 84. Accordingly, removal is proper because Plaintiff asserts claims against GoodLeap which

arise from federal statutes, and the district courts have original jurisdiction over such claims.

## GROUNDS FOR REMOVAL UNDER CLASS ACTION FAIRNESS ACT

a) **STATUTORY BASIS FOR REMOVAL.**

This action is within the original subject matter jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(d)(2)(A), which vests federal district courts with original jurisdiction over a class action in which any putative class member is a citizen of a state different from any defendant and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A).

b) **EXISTENCE OF A CLASS ACTION.**

For purposes of federal jurisdiction, a class action is any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or any "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed the instant action as a class action under Florida law. Accordingly, this instant action is a "class action" subject to the provisions of 28 U.S.C. § 1332(d).

c) **CITIZENSHIP OF THE PARTIES.**

Pursuant to CAFA, federal district courts have jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As detailed below, the named Plaintiffs are believed to be citizens of the State of Florida, while the putative class includes citizens of other states, and Defendant GoodLeap, LLC, is a citizen of the State of California pursuant to 28 U.S.C. § 1332(d)(10). Accordingly, the minimal diversity of citizenship required by CAFA exists.

i. <u>**Citizenship of Plaintiffs and the Putative Class.**</u>

Plaintiff is a resident of the State of Florida. *See* Compl., at ¶ 2. Upon information and belief, they are Florida citizens. The putative class is alleged to consist of "all homeowners within the state of Florida who, within the four years prior to the filing of this cause of action who has received a written solicitation from the PLA indicating that their energy bill could be reduced at no cost to them, who received financing from Goodleap[.]" *See* Compl., at ¶ 28(a).

On its face, a class comprising persons who resided in Florida over a period of four-years is not limited to Florida citizens. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1157 (11th Cir. 2021) (stating that plaintiff's definition of the class as persons who resided in Florida facilities in a four-year period did not limit the class to Florida residents).

### ii. Citizenship of Defendant Modern Concepts Construction, LLC.

Defendant CONSTRUCTION SERVICING CENTER, INC. d/b/a SUNUSO ENERGY, is a Florida corporation with its principal place of business in the State of Florida.

### iii. Citizenship of GoodLeap, LLC.

GoodLeap, LLC, is a limited liability company, which is organized and has its principal place of business in California. For purposes of CAFA jurisdiction, limited liability companies are treated as unincorporated associations, and an unincorporated association is a citizen of the state in which it is organized and the state of its principal place of business. *Alvarez v. Loancare LLC*, No. 20-21837-CIV, 2021 WL 184547, at *7 (S.D. Fla. Jan. 19, 2021); *see also* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

Accordingly, CAFA's required minimal diversity exists because at least one class member is a citizen of the State of Florida and GoodLeap is a citizen of a different State.

**d) NUMEROSITY.**

Section 1332(d)(2)(A) applies only if the class consists of 100 or more putative members. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff provides that she "does not know the number of member in the class but believes that the Classe member number exceeds 40, if not more." Compl., at ¶ 29. While the exact number of members in the putative class is not asserted, GoodLeap has entered into well over 100 agreements that involve Defendant Sunuso. Accordingly, the class will consist of over 100 persons and CAFA's numerosity requirement is satisfied.

**e) AMOUNT IN CONTROVERSY EXCEEDS FIVE MILLION DOLLARS IN THE AGGREGATE.**

Under CAFA, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs." 28 U.S.C. § 1332(d)(6).

Here, Plaintiff seeks compensatory damages, statutory damages, and recission of all loans for Sunuso installed solar equipment, which in the aggregate will exceed more than the sum or value of $5,000,000. To illustrate, Plaintiff's loan is for approximately $55,000.00 and even with only 100 loans at issue, these allegations support removal because 100 loans at the loan amount of Plaintiff's equals more than $5,000,000. Accordingly, the amount

in controversy exceeds more than the sum or value of $5,000,000 in the aggregate. *See Simring v. GreenSky, LLC*, 29 F.4th 1262, 1267 (11th Cir. 2022) (holding the amount in controversy exceeded CAFA's requirement because the requested relief would exceed five million dollars when multiplied across the entire class).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Southern District of Florida, Miami Division, because that is the district and division embracing the place where the State Court Action is pending.

In accordance with 28 U.S.C. § 1446(a), a copy of all executed process, pleadings, and orders in the State Court Action served upon GoodLeap are attached hereto as **Composite Exhibit 'A'**. This Notice of Removal is timely filed because it is being filed on the 30th day following service. 28 U.S.C. § 1446(a); Fed. R. Civ. P. 6(a)(1). Pursuant to 28 U.S.C. § 1446(d), GoodLeap has contemporaneously filed a copy of this Notice of Removal with the Clerk of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant GOODLEAP, LLC respectfully removes this action from the Eleventh Judicial Circuit Court in and for Miami-Dade County,

Florida to the United States District Court for the Southern District of Florida, Miami Division.

Dated this 28th day of December, 2023.

        Respectfully submitted,

        **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
        *Counsel for GoodLeap, LLC*
        1905 N.W. Corporate Blvd., Suite 310
        Boca Raton, Florida 33431
        P:  561-343-6900 | F:  561-483-7321

        By:   */s/ T.W. Anderson*
                **Terrance W. Anderson, Jr., Esq.**
                Florida Bar No. 27426
                TW.Anderson@nelsonmullins.com
                Jenny.Sica@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY THAT on December 28, 2023, a true and correct copy of the foregoing was served on all parties listed in the attached service list.

        By:   */s/ T.W. Anderson*
                **Terrance W. Anderson, Jr., Esq.**
                Florida Bar No. 27426

## SERVICE LIST

**THE CONSUMER PROTECTION ATTORNEY, PA**
Bryant H. Dunivan, Jr., Esq.
301 W. Platt St., #216
Tampa, FL 33606
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com